UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN MARSHALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:19-cv-00083 SRC |
| | ) | |
| JASON LEWIS | ) | |
| | ) | |
| Respondent(s). | ) | |

### Memorandum and Order

More than a year after filing a petition for writ of habeas corpus in federal court, and six months after this Court granted his request to stay the federal habeas proceedings so he could exhaust his state court remedies, Petitioner John Marshall filed a petition for writ of habeas corpus in Missouri state court in September 2020. Although he represented to this Court that he sought to exhaust a single claim when he initially requested a stay, his newly-filed state habeas petition asserts seven claims he had not previously raised. Despite his delay and assertion of entirely new claims, Marshall maintains that this Court may properly continue to stay the federal habeas proceedings until Missouri courts have ruled on his newly-filed state habeas petition. The Court finds that the circumstances do not justify a stay and therefore denies Marshall's motion to continue to stay and abeyance.

**I.     Background**

In 2013, a jury convicted Marshall of three counts of unlawful possession of a firearm, and the St. Louis City Circuit Court sentenced Marshall to consecutive sentences totaling nine years. In 2014, a St. Louis City jury found Marshall guilty of kidnapping and second-degree

1

domestic assault.  The court sentenced Marshall to ten years' imprisonment for kidnapping and seven years' imprisonment for domestic assault.

Marshall appealed his unlawful possession of a firearm conviction, which the Missouri Court of Appeals affirmed.  Marshall also appealed his kidnapping and assault convictions and sentences.  The Missouri Court of Appeals affirmed and issued its mandate on December 18, 2015.  Following the affirmance of his kidnapping and assault convictions, Marshall sought relief under Missouri Supreme Court Rule 29.15.  The court denied Marshall's post-conviction claims, and the Missouri Court of Appeals affirmed the denial of the post-conviction of relief.  Doc. 15-10.

Marshall filed his federal petition for writ of habeas corpus on May 21, 2019.  Doc. 1.  He raises six grounds for relief.  On January 3, 2020, Marshall filed a motion to stay his federal writ of habeas corpus proceedings so he could exhaust his state court remedies.  Doc. 19.  Marshall specified that he sought a stay so that he could exhaust a statute of limitations defense that his counsel refused to raise.  Doc. 19.  The Court granted the motion on April 7, 2020 and ordered Marshall to file a status report on the state habeas proceedings no later than October 1, 2020.  Doc. 23.

On September 17, 2020, Marshall filed a motion to continue the stay and abeyance of his federal habeas proceedings.  Doc. 24.  In his motion, Marshall stated that he filed a writ of habeas corpus in the Circuit Court of Pike County.  *Id.*  In his state habeas petition, Marshall asserted seven claims not previously presented in state court nor asserted in his federal habeas petition.  Doc. 30-2.

The Court issued an order on October 1, 2020, ordering Marshall to show cause why a stay is appropriate under *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005).  Doc. 26.  In response

to the show cause order, Marshall stated that a stay was appropriate because "recently disclosed evidence (Exhibits A&B) clearly and unequivocally prove his innocence of the charged offenses."  Doc. 27 at 1.  Marshall further argued that because this evidence was only recently disclosed, he could not bring his claims at an earlier time.  Doc. 27 at 1-2.

Because Marshall failed to attach both Exhibit A and Exhibit B to his show cause response, the Court ordered Marshall to provide these exhibits to the Court.  Doc. 28. at 1-2.  The Court also ordered Respondent Jason Lewis to respond to Marshall's Motion to Continue Stay and Abeyance, Doc. 24, and Marshall's Show Cause Response, Doc. 27.  Doc. 28 at p. 2. Marshall provided Exhibits A and B to the Court., Doc. 29, which are Marshall's medical records, each dated to 2007 (Exhibit A), and his trial counsel's memo to casefile which includes counsel's notes about Marshall's case (Exhibit B).  Lewis responded to the Court's order.  Doc. 30.

**II.      Discussion**

28 U.S.C. § 2254(b)(1)(A) requires a petitioner to exhaust his state court remedies prior to filing a federal habeas petition.  *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). When a habeas petition contains unexhausted claims, the case must be dismissed without prejudice to afford the petitioner an opportunity to exhaust the claims in state court.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  However, the Supreme Court has recognized that a federal habeas proceeding may be stayed to exhaust state court remedies in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (stating that a petitioner may file "a protective petition in federal court . . . asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted").  In *Rhines*, the Court explained that district courts should consider three factors in

determining whether a stay is appropriate: 1) whether good cause exists for the petitioner's failure to exhaust his claims in state court; 2) whether the unexhausted claims are plainly meritless; and 3) whether the petitioner has "engaged in intentionally dilatory litigation tactics." *Id*. at 277.

For *Rhines* to apply however, a state court remedy must exist for the state prisoner's unexhausted claim. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). "[I]f no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default' (or actual innocence . . .)." *Id*. (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).  Therefore, "[t]o overcome [a] procedural default, [a petitioner] must show [either] cause for not presenting the [procedurally defaulted claim] . . ., and prejudice from the failure, or a fundamental miscarriage of justice – meaning that [the petitioner] is actually innocent." *Storey v. Roper*, 603 F.3d 507, 523–24 (8th Cir. 2010) (alterations in original).

Accordingly, the Court must first determine whether any state remedy remains available for Marshall.  Marshall raises seven claims in his state habeas petition: 1) actual innocence of unlawful possession of firearm charge; 2) ineffective assistance of counsel for failure to introduce evidence establishing Marshall's innocence; 3) actual innocence of kidnapping and domestic assault charges; 4) ineffective assistance of counsel for failure to introduce evidence of Marshall's innocence; 5) ineffective assistance of counsel for failure to call Detective Stittmatter as a witness regarding the victim's injuries; 6) ineffective assistance of counsel for failing to

request a jury instruction about the statute of limitations for kidnapping and domestic assault; and 7) the state used false testimony to convict him. Except for Count VI, Marshall's claims each rely on the "new" evidence in Exhibits A and B.

"The relief available under a writ of habeas corpus has traditionally been very limited, and courts are not required to issue this extraordinary writ where other remedies are adequate and available." *Clay v. Dormire*, 37 S.W.3d 214, 217 (Mo. banc. 2000) (citing *State ex rel. Simmons v. White,* 866 S.W.2d 443, 445–46 (Mo. banc 1993)). "[A] person cannot usually utilize a writ of habeas corpus to raise procedurally-barred claims—those that could have been raised, but were not raised, on direct appeal or in a post-conviction proceeding." *Id*. (citing *White*, 866 S.W.2d at 446.). Marshall failed to raise any of the seven claims asserted in his habeas petition on direct appeal or in his post-conviction motion and the deadline for raising these claims has passed. *See* Missouri Supreme Court Rules Rule 30.01(a); Rule 29.15(b). Rule 29.15(l) expressly provides that litigants cannot file successive post-conviction motions. *See also State v. Parker*, 274 S.W.3d 551, 555 (Mo. Ct. App. 2008) ("Successive motions are barred even when movant alleges that the grounds for his motion were unknown at the time of his original motion"). Because Marshall failed to previously raise the claims asserted in his habeas petition on direct appeal or in his post-conviction motion and cannot file a second post-conviction motion, his claims are in procedural default. *State ex rel. Strong v. Griffith,* 462 S.W.3d 732, 733–34 (Mo. banc 2015).

However, petitioners who raise procedurally-barred claims can still have the merits of their habeas petition reviewed if they can establish a gateway claim of actual innocence or a gateway claim of cause and prejudice. *In re Lincoln v. Cassady*, 517 S.W.3d 11, 17 (Mo. Ct. App. 2016) (citing *State ex rel. Amrine v. Roper*, 102 S.W.3d 541, 545–46 (Mo. banc 2003)). To

establish a gateway claim of actual innocence, the petitioner must show it would be manifestly unjust to restrain the petitioner because newly-discovered evidence demonstrates actual innocence by a preponderance of the evidence. *Id*. (citing *Amrine*, 102 S.W.3d at 546). However, evidence is "new" only if it was "not available at trial and could not have been discovered earlier through the exercise of due diligence." *State ex rel. Nixon v. Sheffield*, 272 S.W.3d 277, 284 (Mo. Ct. App. 2008) (quoting *Osborne v. Purkett,* 411 F.3d 911, 920 (8th Cir. 2005)). The "new" evidence Marshall relies upon does not constitute new evidence. The evidence was either available at trial or could have been discovered through the exercise of due diligence.

First, Marshall's medical records are dated to 2007, before the date of the trial, and thus could have been discovered prior to trial with due diligence. Second, Marshall claims he recently received his case memo from the Missouri public defender's office. Upon review, he claims he discovered evidence that he did not previously know about that establishes his innocence that his trial counsel did not use at trial. Marshall therefore takes issue with how his trial counsel used the evidence available to him at trial, which necessarily means it does not constitute new evidence. Accordingly, because Marshall fails to present any new evidence, he cannot receive habeas review under a gateway claim of actual innocence. Additionally, to the extent Marshall asserts a freestanding actual innocence claim, he has no remedy for relief because Missouri law does not recognize freestanding claims of actual innocence except in capital cases. *In re Lincoln*, 517 S.W.3d at 23.

Next, to establish a gateway of claim of cause, "the petitioner must show that an effort to comply with the State's procedural rules was hindered by some objective factor external to the defense. In other words, a showing that the factual or legal basis for a claim was not reasonably

6

available to counsel, or that some interference by officials made compliance impracticable." *State ex rel. Woodworth v. Denney*, 396 S.W.3d 330 (Mo. 2013), *as modified* (Jan. 29, 2013) (internal quotation marks and citations omitted).

Here, Marshall has made no showing that anything external to the defense prevented him from complying with the procedural rules for raising his claims. His actual innocence claims (Counts I and III) stem from "newly discovered evidence" that, as explained above, existed at the time of trial. With respect to three of Marshall's ineffective-assistance-of-counsel claims (Counts II, IV, V), the bases for these claims come solely from his trial counsel's notes. Even if the Court could consider whether interference from the Missouri public defender's office would suffice as "interference by officials," Marshall has not indicated that he previously requested his file and the Missouri public defender's office declined to provide it. Thus, he has not shown that any external force prevented him from acquiring his counsel's case file. Next, with respect to his ineffective assistance of counsel claim for failure to raise the statute of limitations defense, the legal basis for the claim was always reasonable available to Marshall and he has not established any interference with respect to that claim. Lastly, Marshall bases his claim that his conviction was secured through perjury on evidence derived from his review of the case memo and he even states he knew about the information that the witness in question was lying about because he provided it to prosecutors before trial. Thus, the factual basis for Count VII was reasonably available to Marshall. Accordingly, the Court finds that Marshall has not established "cause" sufficient to overcome his procedural default.

Unable to assert an actual innocence claim or gateway claims of actual innocence or cause and prejudice, the merits of the claims asserted in Marshall's habeas petition will not be reviewed. *In re Lincoln*, 517 S.W.3d at 17. Therefore, Marshall has no remedy available in state

7

court and thus the stay-and-abeyance procedure set forth in *Rhines* does not apply because his claims are exhausted. *Armstrong*, 418 F.3d at 926. Accordingly, the Court denies the motion to stay.

However, because Marshall did not include these seven new claims in his initial habeas petition, the Court must determine whether Marshall should be granted leave to amend to add these claims. Generally, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Moore-El v. Luebbers*, 446 F.3d 890, 902 (8th Cir. 2006). "The court may disallow amendment for various reasons, however, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Moore-El*, 446 F.3d at 902 (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

The Court finds that amendment would be futile. To preserve a claim for federal habeas review, a state prisoner must present that claim to the state court and allow that court the opportunity to address the claim. *Id*. at 896 (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id*.; *see also Armstrong*, 418 F.3d at 926 ("[T]he failure to exhaust provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default (or actual innocence . . .)."). Federal courts will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will

8

result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338–39 (1992) and *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc)).

To establish cause, a petitioner must show something beyond counsel's control, such as state interference that prevented counsel from raising the claims and presenting evidence in state court. *Zeitvogel v. Delo*, 84 F.3d 276, 279 (8th Cir. 1996). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986) (citing *Engle v. Isaac*, 456 U.S. 107, 128 (1982)). "If a prisoner fails to demonstrate cause the court need not address prejudice." *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007). To assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)) (internal quotation marks omitted). "Evidence is only 'new' if it was 'not available at trial and could not have been discovered earlier through the exercise of due diligence.'" *Osborne,* 411 F.3d at 920 (quoting *Armine*, 238 F.3d at 1029).

The exceptions that permit review of procedurally-defaulted claims in federal habeas petitions mirror the exceptions that permit review of procedurally-defaulted claims in Missouri habeas petitions. Thus, for the same reasons stated above in finding that Marshall did not establish any exceptions that would entitle him to review of his claims in Missouri state court, the Court finds that he has not met any of the exceptions that would entitle him to review of his claims in federal court. Accordingly, because this Court cannot review Marshall's procedurally-defaulted claims, the Court will not grant leave to amend.

The Court also notes that its prior order granting Marshall's motion to stay, Doc. 23, stemmed from Marshall's representation that he sought to exhaust a single claim. Doc. 19. Marshall waited approximately six months after the Court granted his motion to stay to file his state habeas petition containing not one, but seven claims he never previously raised. Thus, even if the Court concluded that amendment would not be futile, it would deny leave to amend based on Marshall's dilatory tactics after Court granted a stay. *Moore-El*, 446 F.3d at 902.

Accordingly, the Court denies Petitioner John Marshall's Motion to Continue Stay and Abeyance. Docs. 24, 27. No later than June 22, 2021, Marshall must file any reply to Respondent Jason Lewis's Response to Order to Show Cause, Doc. 15.

So Ordered this 23rd day of April 2021.

_SL R. CL_

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**