**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JOHN MARSHALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Case No. 1:19-cv-00083 SRC |
| | ) |
| JASON LEWIS | ) |
| | ) |
| Respondent(s). | ) |

**Memorandum and Order**

John Marshall seeks reconsideration of this Court's order lifting the stay of his federal-habeas proceedings. Doc. 33. Yet, he offers nothing for new for the Court to consider, and instead merely restates the same arguments the Court already rejected. Accordingly, the Court denies the motion.

**I.    Background**

On April 4, 2020, this Court granted Marshall's motion to stay his petition for a writ of habeas corpus so that he could advance new claims in state court. Doc. 23. On August 31, 2020, Marshall filed a petition for a writ of habeas corpus in the Pike County Circuit Court alleging seven claims not previously presented in Marshall's state review proceedings. On April 23, 2021, the Court lifted the stay and ordered Marshall to file his reply to Respondent's response to show cause order. Doc. 33.

On May 20, 2021, the Pike County Circuit Court found that Marshall's claims in his state habeas petition were procedurally defaulted without excuse and denied his petition. Doc. 37-1. On June 25, 2021, Marshall filed a motion to reconsider this Court's order lifting the stay. Doc. 34.

**II.     Standard**

The Federal Rules of Civil Procedure do not mention motions for reconsideration.  *See Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006).  Thus, motions for reconsideration are typically construed by the Court as either a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment.  *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011).  A district court has wide discretion over whether to grant a motion for reconsideration of a prior order, *In re Charter Commc'ns, Inc., Sec. Litig.*, 443 F.3d 987, 993 (8th Cir. 2006), reversal is only wanted "for a clear abuse of discretion."  *Paris Limousine of Okla., LLC v. Exec. Coach Builders, Inc.*, 867 F.3d 871, 873 (8th Cir. 2017).

**II.     Discussion**

Marshall presents nothing that warrants the Court to reconsider its previous order lifting the stay.  First, he claims that he was not claiming to have new evidence, but rather that he had evidence that his trial counsel failed to present at trial.  Doc. 34 at p. 2.  Next, he argues that his claims are not procedurally defaulted when a "petitioner can demonstrate 'manifest injustice or miscarriage of justice' by showing that a constitutional violation (ineffective assistance of counsel) has probably resulted in the conviction of one who is actually innocent."  *Id*. at p. 2-3.  Lastly, Marshall argues that Respondent "fail[ed] to oppose [his] claim that his conviction either in part or as a whole was based on the State's use of false testimony."  *Id*. at p. 3.

The Court addressed each of these arguments in its previous order.  Doc. 33 at pp. 4-8. Briefly stated, petitioners who raise procedurally-barred claims can still have the merits of their habeas petition reviewed if they can establish a gateway claim of actual innocence or a gateway claim of cause and prejudice.  *In re Lincoln v. Cassady*, 517 S.W.3d 11, 17 (Mo. Ct. App. 2016) (citing *State ex rel. Amrine v. Roper*, 102 S.W.3d 541, 545–46 (Mo. banc 2003)).  To

establish a gateway claim of actual innocence, the petitioner must show it would be manifestly unjust to restrain the petitioner because newly-discovered evidence demonstrates actual innocence by a preponderance of the evidence.  *Id*. (citing *Amrine*, 102 S.W.3d at 546). However, Marshall admits that he does not have any new evidence, and the evidence that Marshall's trial counsel purportedly failed to present at trial does not constitute new evidence. Doc. 6; *see also State ex rel. Nixon v. Sheffield,* 272 S.W.3d 277, 284 (Mo. Ct. App. 2008) (evidence is "new" only if it was "not available at trial and could not have been discovered earlier through the exercise of due diligence (quoting *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005)).  Additionally, to the extent Marshall asserts a freestanding actual-innocence claim, he has no remedy for relief because Missouri law does not recognize freestanding claims of actual innocence except in capital cases.  *In re Lincoln*, 517 S.W.3d at 23.

Next, to establish a gateway of claim of cause, "the petitioner must show that an effort to comply with the State's procedural rules was hindered by some objective factor external to the defense.  *State ex rel. Woodworth v. Denney*, 396 S.W.3d 330 (Mo. 2013), *as modified* (Jan. 29, 2013) (internal quotation marks and citations omitted).  Here, for the reasons explained in its previous order, Doc. 33 at p. 7, Marshall has made no showing that anything external to the defense prevented him from complying with the procedural rules for raising his claims. Specifically, with respect to Marshall's argument Respondent "fail[ed] to oppose [his] claim that his conviction either in part or as a whole was based on the State's use of false testimony[,]" Doc. 34 at p. 3, the Court found that he failed to establish the cause necessary to overcome his procedural default.  As noted by the Court, Marshall bases his claim that his conviction was secured through perjury on evidence derived from his review of the case memo and he even states he knew about the information that the witness in question was lying about because he

provided it to prosecutors before trial. Thus, the Court found that the factual basis for the argument was reasonably available to Marshall and therefore he failed to establish cause. Accordingly, contrary to Marshall's argument, respondent and the Court addressed his argument regarding whether he could overcome procedural default because his conviction was secured by perjury.

Accordingly, with Marshall unable to present any new arguments for this Court to reconsider its prior ruling, the Court denies [34] Marshall's Motion for Reconsideration. No later than November 1, 2021, Marshall must file any reply to Respondent Jason Lewis's Response to Order to Show Cause, Doc. 15.

So Ordered this 1st day of October 2021.

_SLR.CR_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**