UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN MARSHALL, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:19-cv-00083-SRC |
| JASON LEWIS, | ) |
| Respondent. | ) |

### Memorandum and Order

John Marshall violently kidnapped his wife because she witnessed him commit a crime. Doc. 15-5 at pp. 2–3. Marshall choked her and beat her with a pair of pliers, telling her that "it's a shame that [her] kids are going to grow up knowing they found their mother in a dumpster." *Id*. at p. 3. Though Marshall had taken her cell phone, she recovered it after Marshall fell asleep. *Id*. at pp. 2–3. She texted a family member who called the police, and Marshall ran away as soon as officers arrived. *Id*. at p. 3.

A state-court jury found Marshall guilty of one count of kidnapping and one related count of second-degree domestic assault. Doc. 15-2 at pp. 77, 79. The jury found Marshall not guilty of witness tampering. *Id*. at p. 80. The state court sentenced Marshall to ten years of imprisonment for kidnapping and a term of seven years of imprisonment for second-degree domestic assault to run concurrently with the sentence imposed for kidnapping but consecutively to the sentence imposed in another criminal case. *Id.* at pp. 96–98. Marshall appealed his conviction to the Missouri Court of Appeals, which affirmed. Doc. 15-5. Marshall remains incarcerated and now petitions this Court under 28 U.S.C. § 2254 for a writ of habeas corpus,

alleging various errors by the state trial court and ineffective assistance of counsel. Doc. 1. For the reasons discussed below, the Court denies Marshall's petition for writ of habeas corpus.

I. **Facts and background**

The Missouri Court of Appeals described the pertinent facts as follows:

Defendant was married to Kneesha Marshall (Victim). Sometime in 2010, Victim became a witness against Defendant in an unrelated felony case, and Defendant was upset about that. Victim moved with her two daughters from the first floor apartment she shared with Defendant to an apartment in the same building, but on the third floor.

On February 18, 2011, Defendant came up to the third floor apartment and accused Victim of hiding a letter from him. They argued for several hours. He kept saying that he needed it and knew she had hidden it, and she kept telling him she did not have it. At one point Defendant walked over, grabbed Victim's hair, choked her, and held her up against the patio door. Defendant also had pliers in his hand, and he hit Victim on the head with them. Victim tried to leave, but Defendant would not let her leave. He took her cell phone and removed the battery. He told her "it's a shame that [her] kids are going to grow up knowing they found their mother in a dumpster," and she took that to mean he was going to kill her.

During the argument between Defendant and Victim, Defendant told her to tell his defense attorney that someone else committed the felony in the case for which Victim was a witness. At some point the next morning, Defendant fell asleep. Victim was able to get her phone from the table and put in the battery. She texted her sister and asked her to call the police. When officers arrived, Defendant woke up and ran out the back door.

Detective Joan Williams (Detective Williams) interviewed Victim. Victim was crying and visibly shaken. Detective Williams did not observe any marks on Victim's neck, but she said in her experience, it was not uncommon for choking or strangulation to leave no mark. She said Victim declined to seek medical attention, which also was not uncommon in her experience.

Defendant did not testify. His mother testified that Defendant was living with her at the time of this incident. She said he was home all night on February 18, 2011, and in the morning of February 19, 2011.

The jury found defendant guilty of kidnapping and second-degree domestic assault, but not guilty of witness tampering. The trial court sentenced Defendant to concurrent terms of 10 years in prison for kidnapping and seven years for domestic assault.

Doc. 15-5 at pp. 2–3.  Marshall appealed his convictions to the Missouri Court of Appeals, which affirmed.  Doc. 15-5; *State v. Marshall*, 476 S.W.3d 307 (Mo. App. E.D. 2015) (mem.).  Marshall filed a Missouri Rule 29.15 post-conviction relief motion, which the motion court denied after an evidentiary hearing.  Doc. 15-10 at p. 5.  He appealed this decision, and the Missouri Court of Appeals affirmed the motion court's denial of post-conviction relief on the merits.  Doc. 15-10; *Marshall v. State*, 567 S.W.3d 283 (Mo. App. E.D. 2019).  Marshall now seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254.

**II.    Standard**

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254."  *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005), *as amended* (Jun 23, 2005).  Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'"  *Woods v. Donald*, 575 U.S. 312, 315 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).  Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions."  *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254).  For a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d)(1)–(2).  A determination of a factual issue made by a state court is presumed correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence.  § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).  An unreasonable application of clearly established Supreme Court precedent occurs where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case.  *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## III.   Discussion

Marshall asserts six grounds for relief in his habeas petition.  Doc. 1.  In ground 1, Marshall claims that the trial court erred in not acquitting him because the evidence was insufficient to support the jury's guilty verdicts.  *Id*. at pp. 41–61, 78–87.  In ground 2, Marshall claims that the trial court erred in admitting testimony from a detective regarding whether it was uncommon for a victim of strangulation to have marks showing signs of strangulation.  *Id*. at pp. 41, 62–77, 88–92.  In grounds 3 through 6, Marshall claims that his trial counsel ineffectively failed to object on two occasions, *id*. at pp. 93–100, 101–06, failed to introduce evidence of alleged physical disabilities, *id*. at pp. 93, 107–10, and failed to impeach his wife with her prior statements, *id*. at pp. 93, 111–16.

4

    A.      **Allegations of trial-court error**

    1.      **Ground 1**

Marshall challenges the trial court's decision not to enter a judgment of acquittal or grant a new trial due to insufficiency of the evidence. Doc. 1 at pp. 41, 42–61, 78–87. At trial, the testimony of Detective Williams and Marshall's wife supported the convictions. Doc. 15-1 at pp. 215–321. Marshall claims that, because the jury acquitted him of witness tampering and that count was supported only by his wife's testimony, it must have disbelieved his wife's testimony and relied entirely on Detective Williams's "speculation" that his wife was telling the truth in convicting him of the other two counts. Doc. 15-5 at p. 4.

After he argued this point on direct appeal, the Missouri Court of Appeals denied his claim, explaining that the state presented sufficient evidence from which the jury could find him guilty of kidnapping and domestic assault beyond a reasonable doubt. Doc. 15-5 at p. 3 (applying the sufficiency-of-the-evidence standard set out in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The court of appeals reiterated that juries may believe all or any part of a witness's testimony, and that it the jury in this case "could have believed Victim as it related to Defendant's attack on her and disbelieved that Defendant told her she should lie as a witness in the other felony case." Doc. 15-5 at p. 4. "If the jury believed Victim regarding the attack, her testimony is sufficient to support the jury's guilty verdict," *id.*, because "[t]estimony of a single witness may be sufficient to constitute substantial evidence to make a submissible case," *State v. Ervin*, 835 S.W.2d 905, 921 (Mo. 1992). As a threshold matter, the Court finds that the Missouri Court of Appeals adjudicated Marshall's claim "on the merits" within the meaning of § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 301 (2013).

Because the court of appeals adjudicated his claim on the merits, Marshall cannot obtain habeas relief under § 2254(a) unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2).

The court of appeals affirmed the trial court's decision not to acquit Marshall or order a new trial. Doc. 15-5 at pp. 3–4. The court concluded that "it was up to the jury to weigh the evidence," and declined to "act as a super juror" on appeal. *Id*. at p. 4. The court of appeals' application of *Jackson* was reasonable. Further, the factual findings of the court of appeals are "presumptively correct" and "enjoy support in the record." *See Ryan*, 387 F.3d at 790. Nothing in Marshall's petition or the state-court records suggests that the court of appeals' ruling was "based on an unreasonable determination of the facts." *See* § 2254(d)(2). Accordingly, the Court denies the first ground in Marshall's petition for habeas relief.

### 2. Ground 2

Marshall challenges the trial court's decision to admit the testimony of Detective Williams regarding whether it was uncommon for a victim who had been strangled to not have marks showing signs of strangulation. Doc. 1 at pp. 41, 62–77, 88–92. These statements included testimony from the detective that, based on her experience working with victims of domestic violence, Marshall's wife's appearance was not inconsistent with what she had observed from other victims of domestic violence. Doc. 15-5 at p. 5. Marshall argued on direct appeal that the challenged evidence was speculation and inadmissible under Missouri's law of evidence. Doc. 15-3 at pp. 54–66. The court of appeals rejected Marshall's arguments because Missouri law permits police officers "to testify to his or her observation of a fact founded on the

6

witness's experience as a police officer." Doc. 15-5 at p. 5; *see State v. Woodson*, 140 S.W.3d 621 (Mo. App. S.D. 2004); *see also State v. Battle*, 415 S.W.3d 783, 788 (Mo. App. E.D. 2013).

In this case, Detective Williams had spent four years on the Domestic Abuse Response Team and had handled over 100 domestic violence cases. Doc. 15-5 at p. 5. Because of this experience, the court of appeals concluded that the trial court did not abuse its discretion by admitting Detective Williams's testimony. *Id*. As a threshold matter, the Court finds that the Missouri Court of Appeals adjudicated Marshall's claim "on the merits" within the meaning of § 2254(d). *See Johnson*, 568 U.S. at 301.

Because the court of appeals adjudicated his claim on the merits, Marshall cannot obtain habeas relief under § 2254(a) unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2).

The court of appeals affirmed the trial court's decision to admit Detective Williams's testimony because her testimony was not speculation. Doc. 15-5 at pp. 4–5. First, this Court takes "no issue with the Missouri court's application and interpretation of its evidentiary rules." *Skillicorn v. Luebbers*, 475 F.3d 965, 974 (8th Cir. 2007) (citing *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994)). Second, the court, to the extent it applied federal law, did so reasonably. And further, the factual findings of the court of appeals are "presumptively correct" and "enjoy support in the record." *See Ryan*, 387 F.3d at 790. Nothing in Marshall's petition or the state-court records suggests that the court of appeals' ruling was "based on an unreasonable determination of the facts." *See* § 2254(d)(2). Accordingly, the Court denies the second ground in Marshall's petition for habeas relief.

7

### B. Allegations of ineffective assistance of counsel

Because the court of appeals adjudicated grounds 3, 4, 5, and 6 on the merits, *see Johnson*, 568 U.S. at 301, Marshall cannot obtain habeas relief under § 2254(a) unless those decision were either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2). To grant relief under § 2254, the Court must conclude that the state court unreasonably applied the *Strickland* test or that, in reaching its conclusions regarding the performance of Marshall's attorney, it made unreasonable factual conclusions. *Gabaree v. Steele*, 792 F.3d 991, 998 (8th Cir. 2015). *Strickland* requires Marshall to show that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Applying this standard, the Court analyzes each of these grounds.

#### 1. Ground 3

Marshall claims his trial counsel ineffectively failed to object to the prosecutor's cross-examination of his alibi witness—his mother—when the prosecutor asked why she did not previously volunteer her exculpatory testimony to the prosecutor's office or the police. Doc. 1 at pp. 93, 94–100. After he argued this point in the state post-conviction-review court, the Missouri Court of Appeals denied his claim because "[t]rial counsel is not ineffective for failing to make non-meritorious objections." Doc. 15-10 at p. 10 (citing *Zink v. State*, 278 S.W.3d 170, 188 (Mo. 2019)). The court of appeals noted that Missouri courts have long permitted prosecutors to test the credibility of alibi witnesses in this fashion. *Id*. (quoting *State v. Kirk*, 636 S.W.2d 952, 955 (Mo. 1982)). Additionally, even though trial counsel could not recall a specific trial strategy for not objecting, the court pointed out that the decision not to object is presumptively strategic

8

and Marshall failed to rebut that presumption. *Id*. at p. 11 (citing *Hays v. State*, 484 S.W.3d 121, 128 (Mo. App. W.D. 2015)).

### 2. Ground 4

In his fourth ground, Marshall claims his trial counsel ineffectively failed to object during the prosecutor's opening statement in which the prosecutor mentioned that Marshall committed drug crimes unrelated to the charged offenses. Doc. 1 at pp. 93, 101–106. However, as the court of appeals pointed out, Marshall's "using drugs was not singled out, but rather referenced as the prosecutor presented a complete picture of the events that took place leading up to [Marshall]'s assault of [his wife]." Doc. 15-10 at p. 13.

After he argued this point in the state post-conviction-review court, the Missouri Court of Appeals denied his claim because Marshall failed to show that the failure to object was an unreasonable trial strategy, failed to show that the objection would have been meritorious, and failed to show prejudice. Doc. 15-10 at pp. 11–15. The court of appeals noted that, although evidence of "separate and distinct crimes" committed by a defendant are generally inadmissible, "evidence of uncharged crimes that is part of the circumstances or the sequence of events surrounding the offense charged may be admissible to present a complete and coherent picture of the events that transpired." *Id*. at p. 13 (quoting *State v. Naylor*, 510 S.W.3d 855, 863 (Mo. 2017)). Thus, Marshall failed to provide any evidence that the objection would have been meritorious. *Id*. at p. 15. Additionally, the court of appeals concluded that Marshall failed to satisfy *Strickland*'s prejudice prong because "the record contains overwhelming evidence of guilt." *Id*. (citing *Taylor v. State*, 382 S.W.3d 78, 81–82 (Mo. 2012)).

### 3. Ground 5

In his fifth ground, Marshall claims his trial counsel ineffectively failed to present evidence of his physical disability and a defense that he lacked the physicality required to the commit the crimes charged. Doc. 1 at pp. 93, 107–10. After he argued this point in the state post-conviction-review court, the Missouri Court of Appeals denied his claim because trial counsel testified that Marshall had agreed that they would pursue an alibi defense and that "it is not ineffective assistance of counsel . . . to employ a certain defense theory to the exclusion of another defense theory." Doc. 15-10 at p. 16 (citing *King v. State*, 505 S.W.3d 419, 426 (Mo. App. E.D. 2016)). The court of appeals further noted that Marshall failed to present evidence at the evidentiary hearing that his medical records would have provided him with a viable defense. *Id*. Thus, the court of appeals concluded that Marshall failed to prove the ineffective assistance of his trial counsel.

The Court notes that Marshall submitted medical records that he argues support his argument that he had a viable defense. Doc. 29. Section 2254(e) prohibits the Court from considering these documents unless Marshall shows that this claim relies on either a new rule of constitutional law made retroactive or "a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitution error, no reasonable factfinder would have found the applicant guilty of the underlying offense." For the reasons stated in the Court's prior orders, *see e.g.*, Doc. 33 at p. 6, the predicate documents could have been previously discovered through the exercise of due diligence, and the Court does not consider them.

### 4. Ground 6

In his sixth ground, Marshall claims his trial counsel ineffectively failed to impeach his wife with her prior inconsistent testimony regarding how long she worked as his health care aide and whether he was under doctor's order not to lift more than five pounds. Doc. 1 at pp. 93, 111–16. However, as the court of appeals points out, trial counsel's cross-examination focused on other issues and resulted in Marshall's wife admitting that she committed fraud and had previously lied under oath. Doc. 15-10 at pp. 18–19, 21.

After he argued this point in the state post-conviction-review court, the Missouri Court of Appeals denied his claim because Marshall failed to show that such impeachment would have provided him a viable defense and he failed to show that trial counsel's tactics were unreasonable. Doc. 15-10 at pp. 18–21; *see State v. Johnson*, 957 S.W.2d 734, 755 (Mo. 1997) ("Reasonable trial strategy does not become ineffective assistance of counsel because it did not work as hoped." (citing *Strickland*, 466 U.S. at 681)). The court noted that neither subject Marshall argues his trial counsel should have explored would have provided him with a viable defense because none of the acts he was accused of required heavy lifting. *Id*. at p. 20. Further, the court explained that trial counsel's decision to focus on the strongest points of impeachment was not ineffective assistance of counsel. *Id*. at pp. 20–21 (citing *Davidson v. State*, 308 S.W.3d 311, 317–18 (Mo. App. E.D. 2010)). Thus, Marshall failed to prove *Strickland*'s first prong. *Id*. at p. 21.

### 5. The ineffective-assistance-of-counsel grounds do not merit relief

As discussed, to grant relief under § 2254, the Court must conclude that the state court unreasonably applied the *Strickland* test or that, in reaching its conclusions regarding the performance of Marshall's attorney, it made unreasonable factual conclusions. *Gabaree*, 792

11

F.3d at 998. In ground 3, the court of appeals held that trial counsel's failure to make a non-meritorious objection during the cross-examination of a witness is not ineffective. Doc. 15-10 at p. 10. And in ground 4, alleging ineffective assistance when trial counsel failed to object during opening statements, the court of appeals held the same. *Id*. at p. 15. The court of appeals further found—on grounds 3 and 4—that Marshall had also not met his burden of showing that the failures to object were unreasonable trial strategy. *Id*. at pp. 11, 13.

In ground 5, the court of appeals held that trial counsel's decision to employ one defense theory to the exclusion of another is not ineffective. *Id*. at p. 16. And finally, in ground 6, the court of appeals concluded that trial counsel's decision to impeach Marshall's wife on some subjects but not others was not ineffective because the decision was reasonable trial strategy. *Id*. at p. 20. Analyzing the foregoing, the Court concludes that the Missouri Court of Appeals reasonably applied *Strickland*. Further, nothing in Marshall's petition or the state-court records suggests that the court of appeals' ruling was "based on an unreasonable determination of the facts." *See* § 2254(d)(2). Accordingly, the Court denies Marshall's third, fourth, fifth, and sixth grounds for relief.

### IV.     Certificate of Appealability

The Court finds Marshall has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. 28 U.S.C. § 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, no basis exists to issue a certificate of appealability as to any claims raised in Marshall's § 2254 petition, or as to any other issue addressed by the Court's prior orders in this case. *See* Docs. 6, 33, 38.

V.     Conclusion

The Court denies Petitioner John Marshall's [1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and dismisses Marshall's petition with prejudice. The Court does not issue a certificate of appealability.

So Ordered this 28th day of January 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE